McNEELY v. NORTH CAROLINA MICA, MINERAL AND LUMBER
COMPANY.

(Filed June 10, 1902.)

WITNESSES—*Competency—Evidence—The Code, Sec. 590.*

> In an action of ejectment the vice-president of the defendant
> company is competent to prove where a person said a cer-
> tain corner of the land was located, it not being a transac-
> tion or communication between him and anyone under
> whom the plaintiff claimed title to the land.

ACTION by Catherine McNeely against the North Carolina
Mica, Mineral and Lumber Company, heard by Judge *M. H.
Justice,* at October Term, 1901, of the Superior Court of Mc-
Dowell County. From a judgment for the plaintiff, the de-
fendant appealed.

*E. J. Justice,* for the plaintiff.
*S. J. Ervin,* for the defendant.

FURCHES, C. J.   This is an action of ejectment, but the
only question presented by the appeal is upon the competency
of evidence under Section 590 of The Code.

For the purpose of locating the land in dispute, the plaintiff
introduced one Watkins, who testified that he surveyed the
land, and in answer to a question asked him, "Why he com-
menced at a point seven poles south of the mouth of Caney
Branch?" witness stated that Watkins and his sons pointed
that place out as having been shown to them as the place where
the beginning corner of the G. W. Gillespie 50-acre tract
stood, by one Henry Gillespie; that Huskins said he was an
old man and was now dead." Huskins further on testified
that there were others when the place was pointed out to him
—among them, Terry, Elliott and his two boys. The defend-
ant then introduced Terry to prove what Gillespie said. The

plaintiff objected upon the ground that the witness was the vice-president of the defendant company.    The Court sustained the objection, remarking, "This is the vice-president of the defendant company."    Defendant excepted.

This ruling of the Court was evidently put by his Honor upon Section 590 of The Code, and was attempted to be sustained under that section in the argument here.    But if it is admitted that the defendant was interested by reason of being vice-president of the defendant company, still he was not incompetent to testify as to where old man Gillespie said the corner was.    It was not a transaction or communication between him and anyone under whom the plaintiff claimed title to the land, and, therefore, did not fall under the inhibitory exception of Section 590.    It seems that the plaintiff had gotten the benefit of these declarations through the testimony of her witness Watkins, and fairness would have allowed the defendant to have the benefit of its witnesses as to the same matter.    But, however that may be, there was error in excluding the evidence of Terry under Section 590 of The Code.

New trial.